J-S03038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| RENN STOKES | : : | |
| Appellant | : | No. 866 EDA 2016 |

Appeal from the PCRA Order February 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0504881-2006,
CP-51-CR-0707061-2006

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 09, 2018**

Appellant, Renn Stokes, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, on the basis it was untimely filed.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Appellant was arrested and charged in connection with two separate robberies of residences in Philadelphia.  With regard to the charges at docket number CP-51-CR-0504881-2006, Appellant, who was represented by counsel, proceeded to a jury trial, at the conclusion of which he was convicted of robbery, aggravated assault, burglary, possessing an instrument of crime ("PIC"), and conspiracy. On September 24, 2007, as a second strike offender under 42 Pa.C.S.A. §

_____
* Former Justice specially assigned to the Superior Court.

9714, Appellant was sentenced to an aggregate of ten years to twenty years in prison for robbery, aggravated assault, and burglary, and he was sentenced to a consecutive two and one-half years to five years in prison for PIC. The sentence for docket number CP-51-CR-0504881-2006 was imposed concurrently to Appellant's sentence for docket number CP-51-CR-0707061-2006 but consecutively to any other sentence.

With regard to the charges at docket number CP-51-CR-0707061-2006, on September 24, 2007, Appellant entered into a negotiated guilty plea to robbery, aggravated assault, burglary, PIC, and conspiracy. On that same date, he was sentenced as a second strike offender under Section 9714 to an aggregate of ten years to twenty years in prison, and he was sentenced to a consecutive two and one-half years to five years in prison for PIC. The sentence for CP-51-CR-0707061-2006 was imposed concurrently to Appellant's sentence for docket number CP-51-CR-0504881-2006 but consecutively to any other sentence.

Appellant filed neither post-sentence motions nor a direct appeal with regard to either case. However, on or about September 26, 2014, Appellant filed a *pro se* PCRA petition at both lower court docket numbers, which he supplemented *pro se* on July 17, 2015. The PCRA court consolidated the cases

and appointed counsel, who filed a petition to withdraw, as well as a **Turner/Finley**[1] no-merit letter, on November 3, 2015.

By order filed on January 5, 2016, the PCRA court provided notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing. By order entered on February 26, 2016, the PCRA court granted counsel's petition to withdraw,[2] and by order entered on February 29, 2016, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed.

Appellant presents the following issue, which we set forth verbatim:

> This Court should resolve the issue as to whether the ruling by the Pennsylvania Appellate Courts, in finding mandatory sentencing statutes void *ab initio* pursuant to **Alleyne v. United States**, have created a position where retroactive application of **Alleyne** should apply to defendant's [*sic*] in Pennsylvania based on the decision of the United States Supreme Court in **Welch v. United States**, 2016 U.S. Lexis 2451 and this Court's recent argument in **Commonwealth v. Barnes**, 36 EAP 2015.

Appellant's Brief at 4.

Preliminarily, we note "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v.**

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] This Court has not been provided with the February 26, 2016, order; however, the certified docket entries contain an entry indicating the PCRA court entered an order on this date "relieving" counsel pursuant to **Finley**.

- 3 -

*Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after

- 4 -

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within sixty days of the date the claim could have first been presented. ***Commonwealth v. Edmiston***, 619 Pa. 549, 65 A.3d 339 (2013). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case *sub judice*, Appellant was sentenced on September 24, 2007, and he filed neither post-sentence motions nor a direct appeal. Accordingly, his judgment of sentence became final thirty days thereafter, on October 24, 2007, when the time period for filing a direct appeal to this Court expired. ***See*** Pa.R.A.P. 903(a) (providing an appeal to this Court shall be filed within thirty days after entry of the order from which the appeal is taken); 42 Pa.C.S.A. § 9545(b)(3) (setting forth when judgment of sentence becomes final); 1 Pa.C.S.A. § 1908 (setting forth rules for computation of time). Thus, Appellant had until October 24, 2008, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on or about September 26, 2014, and therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. §

- 5 -

9545(b)(1); **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, Appellant, who was sentenced to a mandatory minimum provision as a repeat offender under 42 Pa.C.S.A. § 9714(a)(1), contends his sentence was illegal pursuant to **Commonwealth v. Alleyne**, 133 S.Ct. 2151 (2013), as applied retroactively by **Welch v. United States**, 136 S.Ct. 1257 (2016), and **Commonwealth v. Barnes**, 637 Pa. 493, 151 A.3d 121 (2016). Assuming, *arguendo*, Appellant met his initial burden of showing that he raised his claim within sixty days of the date the claim could have first been presented, **see Edmiston**, **supra**, we conclude Appellant is incorrect in his assertion that he has satisfied the timeliness exception.

In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. **Id.** at 2163. However, assuming, *arguendo*, Appellant's mandatory minimum sentence falls under the ambit of the **Alleyne** decision, our Supreme Court has held that "**Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely

PCRA petition ... since **Alleyne** does not apply to cases where the judgment of sentence was final prior to **Alleyne**." **Commonwealth v. DiMatteo**, 10 MAP 2017, 2018 WL 459340, at *4, *8 (Pa. Jan. 18, 2018) (citations omitted). **Alleyne** was filed on June 17, 2013, and Appellant's judgments of sentence became final prior thereto (on October 24, 2007). Thus, Appellant is not entitled to relief.

Further, Appellant's reliance upon **Welch** is misplaced. The sole purpose of the **Welch** decision was to determine whether **Johnson v. United States**, 135 S.Ct. 2551 (2015), applied retroactively to cases on collateral review. In **Johnson**, the Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. In the case *sub judice*, Appellant was not sentenced under this provision, and thus, the **Welch** holding mandating retroactive invalidation of sentences pursuant to Section 924(e)(2)(B)(ii) has no bearing on Appellant's sentence. Also, it is noteworthy that neither **Welch** nor **Johnson** address **Alleyne** and, thus, cannot reasonably be found to mandate the retroactive application of **Alleyne**.

Finally, Appellant's reliance upon **Barnes** is also misplaced. In **Barnes**, our Supreme Court held that an **Alleyne** challenge implicates the legality of a sentence for issue preservation purposes and is, thus, not waivable. However, **Barnes** involved a direct appeal from a judgment of sentence, and the decision did not declare **Alleyne** to be retroactive in the PCRA context. It is well-settled that "[a]lthough legality of sentence is always subject to review

within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa.Super. 2007) (quotation marks, quotations, and citations omitted). Thus, Appellant is not entitled to relief on this basis.

In light of the aforementioned, we conclude Appellant's instant PCRA petition is untimely, and he has failed to invoke successfully any of the timeliness exceptions. Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/18